UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LITTLE KIDS, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-533WES |
| | : | |
| 18TH AVENUE TOYS, LTD., | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge.

On September 25, 2018, Plaintiff Little Kids, Inc., initiated this trademark action against Defendant 18th Avenue Toys, Ltd., asserting six registered federal trademarks pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Rhode Island statutory and common law. ECF No. 1 ("Compl."). The parties in this case are both competitors in the children's toy industry. The accused product is Defendant's version of a "bubble solution product," Compl. ¶ 18, which Plaintiff has trademarked and sells as a BUBBLE BUCKET®.[1] Both Defendant's accused product and Plaintiff's BUBBLE BUCKET® are sold as toys that hold bubble solution and a wand children can use to blow bubbles. Shortly after the Complaint was filed, the Court issued a temporary restraining order prohibiting Defendant from selling or offering for sale products with terms related to, or products otherwise related to, Plaintiff's trademarks. ECF Nos. 10, 12, 13.

Defendant responded to the Complaint with denials and affirmative defenses, but also with a single-count Counterclaim. ECF No. 15 at 13-17 ("Countercl."). The Counterclaim seeks a judicial declaration that Plaintiff's purported trade dress is invalid. Id.; Compl. ¶¶ 29-31, 40,

---

[1] Other marks used by Plaintiff in connection with the BUBBLE BUCKET® are BIG BUBBLE BUCKET®, BUBBLE TUMBLER®, BUBBLE TUMBLER MINI®, BUBBLE TUMBLER MINIS® and NO-SPILL®. For ease of reference, the BUBBLE BUCKET® suite of products are referred to in this report and recommendation as "the toy."

51, 55. In support of the assertion of invalidity, the Counterclaim alleges that Plaintiff's purported trade dress is functional, generic, not distinctive and unprotectable. Countercl. ¶¶ 6-8, 18.

Plaintiff now challenges the legal viability of the Counterclaim with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16. Plaintiff argues that Defendant could have sought a declaration of <u>noninfringement</u> of Plaintiff's trade dress, but that a counterclaim seeking a declaration of "<u>invalidity</u> of trade dress" is unavailable as a matter of law. In support of its motion, Plaintiff points out that its Complaint alleges four causes of action, each based on infringement and dilution of its trademarks, but that the Complaint does not assert an independent claim of trade dress infringement. Defendant counters that the Complaint purports to claim not only trademark infringement and dilution, but that it also includes the following allegations: that Defendant's versions of the toy are similar and in some cases identical to Plaintiff's "in appearance, sound, connotation and commercial impression"; that Plaintiff has demanded that Defendant cease from using Plaintiff's "trade dress," but Defendant has wrongly continued to do so; that Defendant has copied the style and shape of Plaintiff's toy; and that Defendant has knowingly and maliciously used a confusingly similar imitation to the toy in derogation of Plaintiff's rights in its trade dress. Compl. ¶¶ 29-31, 40, 51, 55. Defendant also points out that Plaintiff's lengthy prayer for relief includes a request for an injunction barring Defendant from using Plaintiff's trade dress and from using any design that is likely to dilute the distinctiveness of Plaintiff's trade dress. <u>Id.</u> at 9-10. In response to these allegations, Defendant's Counterclaim asks for a declaration that the toy's overall appearance is functional and generic and is therefore insufficiently distinctive as to amount to protectable trade dress. Countercl. at 17.

Plaintiff's Fed. R. Civ. P. 12(b)(6) motion has been referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the motion be denied.

I. BACKGROUND[2]

Plaintiff is a Rhode Island toy manufacturer, which owns six registered federal trademarks related to the toy. Compl. ¶¶ 1, 5-10. Since acquiring the trademarks, Plaintiff has utilized them in the production and sale of the toy. See id. ¶¶ 11-14. Defendant is a New York corporation that is engaged in the toy business in New York and online. Id. ¶ 15; ECF No. 15 ¶ 15 ("Answer"). It has purchased Plaintiff's products for resale. Answer ¶¶ 16-17. According to Plaintiff, this buy-sell relationship allowed Defendant to become familiar with Plaintiff's toy; with this familiarity, Plaintiff alleges, Defendant intentionally commenced infringing Plaintiff's trademarks and manufacturing and selling products that are confusingly similar to the toy. See Compl. ¶¶ 18-21; Answer ¶¶ 18-21 (denying these allegations). Based on these contentions, Plaintiff's verified Complaint presents four claims:

    Count I:    Federal Trademark Infringement
    Count II:   False Designation and Representation of Services in Violation of Section 43(a) of the Lanham Act
    Count III:  Dilution of Trademarks
    Count IV:  Common Law Trademark Infringement and Unfair Competition

Compl. at 1, 6, 8. Plaintiff seeks injunctive relief ordering Defendant, *inter alia*, to stop selling and to impound allegedly infringing products; it also asks for an award of money damages, including punitive damages based on willful and deliberate infringement. Id. at 9-11.

---

[2] "In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken." Levesque v. Schroder Inv. Mgmt. N. Am., Inc., 368 F. Supp. 3d 302, 309 (D. Mass. 2019). Consistent with this mandate, only the facts gleaned from the Counterclaim are accepted as true for purposes of this Fed. R. Civ. P. 12(b)(6) analysis. See ECF No. 15 at 13-17. Other facts are included to place the Counterclaim's allegations in context.

While "trade dress" is not the basis for the claims set out in the four enumerated Counts, as summarized *supra*, there are multiple references to it in Counts I, II and IV. Id. ¶¶ 29-31, 40, 51, 55 (e.g., "similarity . . . of Defendant's and Little Kids' products and trade dress"; "cease and desist from using the Little Kids Marks, trade dress"; "deliberate and malicious use of a confusingly similar imitation of the Little Kids Marks and trade dress"). And Plaintiff's prayer for relief seeks to enjoin Defendant from using or diluting Plaintiff's "trade dress." Id. at 9-10. As relevant here, the Counterclaim contends that Plaintiff's purported trade dress is not protectable because the toy's shape and appearance are functional, generic and not distinctive, in that it is simply a bucket that prevents spills and has a handle. Countercl. ¶¶ 4-8. Corroborating this allegation is the factual assertion (with illustrations) that other competitors use the same or a similar bucket for their bubble solution products. Id. ¶¶ 14-15. Defendant has also raised trade dress invalidity as an affirmative defense. Answer at 12. The motion to dismiss challenges only the Counterclaim, not the trade dress invalidity affirmative defense.

## II. LAW AND ANALYSIS

"Trade dress is 'the overall appearance . . . of a product.'" Bonazoli v. R.S.V.P. Int'l, Inc., 353 F. Supp. 2d 218, 226 (D.R.I. 2005) (quoting Black's Law Dictionary 1530 (8th ed. 2004)). It "includes the design and appearance . . . together with the elements making up the overall image that serves to identify the product presented to the consumer." I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 35 (1st Cir. 1998); see Schwinn Bicycle Co. v. Ross Bicycles, Inc., 870 F.2d 1176, 1182 (7th Cir. 1989) ("the product's size, shape, color, graphics, packaging, and label"). For example, the packaging and advertising of Marlboro cigarettes were held to be protectable trade dress because they are "inherently distinctive" in "evok[ing] the image of the American West for the purpose of selling a particular brand." Philip Morris Inc. v. Star Tobacco

4

Corp., 879 F. Supp. 379, 383 (S.D.N.Y. 1995). A trademark, on the other hand, "is thought of as something more specific, such as a logo."[3] Schwinn Bicycle, 870 F.2d at 1182. The Lanham Act establishes federal protection of trade dress. 15 U.S.C. § 1051, *et seq.*; Yankee Candle Co. v. Bridgewater Candle Co., LLC, 259 F.3d 25, 37-38 (1st Cir. 2001) ("The Lanham Act extends protection not only to words and symbols, but also to 'trade dress.'") (quoting Chrysler Corp. v. Silva, 118 F.3d 56, 58 (1st Cir. 1997)). "In order for trade dress to be protected . . . , a plaintiff must prove that the dress is: (i) used in commerce; (ii) non-functional; and (iii) distinctive." Yankee Candle, 259 F.3d at 38. The elements of non-functionality and distinctiveness "concern whether the trade dress is protectable and valid." Toyo Tire & Rubber Co., Ltd v. Doublestar Dong Feng Tyre Co., Ltd, No.: SACV 15-00246-CJC(JPRx), 2018 WL 1895696, at *3 (C.D. Cal. Apr. 12, 2018).

At the nub of Plaintiff's motion are two notions. First it contends that a party accused of trade dress infringement may respond with an affirmative defense of invalidity and/or with a counterclaim alleging noninfringement, but not with a counterclaim alleging invalidity, because, as a matter of law, the defense of trade dress invalidity may not be stated in a counterclaim. Its secondary argument seems to rest on the absence of a live case or controversy – that is, even if the law permits such a counterclaim, Defendant cannot assert it in this case, as Plaintiff has not brought a trade dress infringement claim. Either way, Plaintiff argues, Defendant cannot seek a judicial declaration that Plaintiff's trade dress is too functional and generic to be protectable.

---

[3] It has been recognized that "the distinctions between trademarks and trade dress in the law have largely disappeared." Alpha Kappa Alpha Sorority Inc. v. Converse Inc., 175 F. App'x 672, 677 n.8 (5th Cir. 2006) (citing 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 8:1 (4th ed. 2005) ("Today, many types of designations protectable as 'trade dress' are also registrable as 'trademarks.' Today, unregistered trade dress is protected under federal Lanham Act § 43(a) under the same rules as are trademarks.")). A court can address trademark and trade dress together. See Hershey Co. v. Art Van Furniture, Inc., No. 08-14463, 2008 WL 4724756, at *2 (E.D. Mich. Oct. 24, 2008) ("Because these claims involve both registered and unregistered trademarks, and because these marks combine to form Plaintiff's overall trade dress, the Court analyzes them together, rather than as distinct elements.").

5

Although Plaintiff invokes Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), it has not challenged the sufficiency of the concrete factual allegations Defendant has set out in its Counterclaim to render facially plausible its claim of trade dress invalidity. Nor does Plaintiff argue that the Counterclaim breaches the Fed. R. Civ. P. 8(a)(2) requirement of a "short and plain statement of the claim."

Plaintiff's first argument – that the law does not recognize a declaratory action asserted as a counterclaim based on trade dress invalidity – fails in the face of the many cases allowing such a counterclaim, coupled with a complete dearth of contrary authority. For example, in Toyo Tire & Rubber Co. v. CIA Wheel Grp., No. SACV 15-246-JLS (DFMx), 2015 WL 4545187 (C.D. Cal. July 8, 2015), the court denied a motion to dismiss the defendant's "counterclaim for declaratory relief of trade dress invalidity." Id. at *4. Countless other courts similarly have entertained counterclaims for trade dress invalidity. See, e.g., Diageo N. Am., Inc. v. W.J. Deutsch & Sons Ltd., 283 F. Supp. 3d 182, 185, 189 (S.D.N.Y. 2018) (denying motion to dismiss "counterclaims seeking: (i) declaratory judgment of [trade dress] non-infringement and invalidity"); Garden Meadow, Inc. v. Smart Solar, Inc., 24 F. Supp. 3d 1201, 1206, 1212 (M.D. Fla. 2014) (denying motion for summary judgment as to facially viable counterclaim seeking declaration of no valid trade dress because of fact issues); Castaline v. Aaron Mueller Arts, No. C 09-02543 CRB, 2010 WL 583944, at *2 (N.D. Cal. Feb. 16, 2010) (motion to dismiss trade dress invalidity counterclaim denied). While Plaintiff is right that most cases focus on trademark infringement, that does not render feckless a claim seeking a declaration of trade dress invalidity. See Kevin E. Mohr, At the Interface of Patent and Trademark Law: Should A Product Configuration Disclosed in A Utility Patent Ever Qualify for Trade Dress Protection?, 19

Hastings Comm. & Entm't L.J. 339, 374 (1997) ("[T]rademarks and trade dress are subject to defenses of invalidity.").

Plaintiff has supplied no authority holding that a counterclaim seeking a declaration of trade dress invalidity is not viable as a matter of law in a case where it may be asserted as an affirmative defense. Instead, Plaintiff cites National Grange of the Order of Patrons of Husbandry v. California State Grange, Civ. No. 2:14-676 WBS DAD, 2014 WL 3837434, at *2 (E.D. Cal. July 30, 2014), which holds only that an affirmative defense of trademark invalidity is a legally permissible response to a claim of trademark infringement. National Grange does not foreclose trade dress invalidity asserted as a counterclaim. Plaintiff also cites Gibson Brands Inc. v. Viacom Int'l Inc., Case No. CV 12-10870 DDP (AJWx), 2016 WL 8931305 (C.D. Cal. Sept. 29, 2016). However, Gibson Brands holds only that an affirmative defense of trade dress invalidity is a nonredundant response to a complaint alleging that the defendant infringed the plaintiff's Spongebob SquarePants "Flying V" trademark. Id. at *1, *4. Gibson Brands does not address the viability of a trade dress invalidity counterclaim. Cf. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 139 (2007) (Thomas J., dissenting) (citing Altvater v. Freeman, 319 U.S. 359, 365-366 (1943)) (noting that it is well settled that defendant may "bring a declaratory judgment counterclaim asserting the affirmative defense of patent invalidity in response to a patent infringement suit.").

Notably, Plaintiff has not attacked Defendant's trade dress invalidity counterclaim on the grounds that it is redundant of the affirmative defense of trade dress invalidity, which is an argument that some courts have seriously considered. Compare Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) ("[C]ourts have allowed, without a showing of prejudice, motions to strike repetitious and unnecessary pleadings, such as a

7

counterclaim that merely restates an affirmative defense"), with OgoSport LLC v. Maranda Enter.. LLC, No. 10-C-0155, 2011 WL 4404070, at *2 (E.D. Wis. Sept. 20, 2011) (affirmative defense and counterclaim both allege invalidity of trade dress rights but are not redundant because "defending an action based on non-liability is not the same as vindicating or restoring one's reputation and goodwill through a declaratory judgment."). Thus, in Toyo Tire & Rubber Co., 2015 WL 4545187, the plaintiff challenged the redundancy of the defendant's "counterclaim for declaratory relief of trade dress invalidity." Id. at *4. The court denied the motion and determined that the counterclaim was "not necessarily duplicative of [the] affirmative defense" of trade dress invalidity because the defendant "could prevail on the merits of one of its numerous other affirmative defenses, with the Court never reaching the issue of trade dress validity." Id. (citing 6 Fed. Prac. & Proc. Civ. § 1406 (3d)). A motion to strike based on redundancy would be addressed to the Court's discretion. Zurich Am. Ins. Co., 796 F. Supp. 2d at 246. If a redundancy challenge had been asserted, based on the reasoning in Toyo Tire & Rubber Co. and OgoSport LLC, I would recommend that such a motion be denied. Toyo Tire & Rubber Co., 2015 WL 4545187, at *4; OgoSport LLC, 2011 WL 4404070, at *2.

Plaintiff's second argument – that there is no claim of trade dress infringement and thus no case or controversy supporting a prayer for judicial review of trade dress protectability – founders because it is clear that Defendant faces concrete legal jeopardy unless the protectability of Plaintiff's trade dress is declared. For starters, Plaintiff concedes that its Complaint is loaded with references to Defendant's improper and intentional copying of not just its trademarks but also its trade dress to buttress its claim of willful trademark infringement; indeed, it has specifically demanded that Defendant cease and desist from using its trade dress. Further, Plaintiff acknowledges that it has adamantly refused to stipulate that "it does not claim a cause of

8

action for trade dress infringement and [would] remove[ ] any allegation, assertion, claim, and reference to trade dress within its Complaint." ECF No. 17 at 7-8. Critically, Plaintiff not only conjoins the allegations regarding infringement of "Marks" with assertions of imitation of the "trade dress," but also seeks injunctive relief barring Defendant from using its trade dress or diluting the distinctiveness of its trade dress. Compl. ¶¶ 29-31, 40, 51, 55, & at 9-10. Plainly, this is not a case where a finding in Defendant's favor on Plaintiff's four Counts of trademark infringement will "end the parties' present dispute." See Bodum USA, Inc. v. A Top New Casting Inc., No. 16 C 2916, 2016 WL 4440258, at *2 (N.D. Ill. Aug. 23, 2016) (counterclaim dismissed because finding in favor of defendant "on either infringement or validity will end the parties' present dispute, which is the only controversy properly before the Court").

Whether or not Plaintiff's Complaint effectively includes a trade dress infringement claim, even though it is not articulated as a stand-alone Count, this pleading clearly gives rise to an actual controversy regarding whether Defendant's ongoing marketing of its version of the toy would continue expose it to liability for trade dress infringement even if Defendant stopped all use of words or symbols that are confusingly similar to Plaintiff's trademarks. Whether or not trade dress infringement is asserted as a stand-alone claim, Defendant is entitled to a judicial declaration of the viability of Plaintiff's allegations that its trade dress is protectable to avoid the concrete and non-speculative legal jeopardy it now faces if it continues to manufacture and sell the accused product. Stern v. U.S. Dist. Court for Dist. of Mass., 214 F.3d 4, 11 (1st Cir. 2000) (declaratory judgment action available to avoid "'direct and immediate' dilemma"); Ernst & Young v. Depositors Econ. Prot. Corp., 862 F. Supp. 709, 717 (D.R.I. 1994), aff'd, 45 F.3d 530 (1st Cir. 1995) (declaratory relief available to address concrete legal non-speculative controversies).

The proposition that a declaratory judgment action is viable in these circumstances is consistent with how the law has evolved "in the field of patent litigation [where] the federal courts almost unanimously have held that when plaintiff's claim is for patent infringement, defendant may counterclaim for a declaration of the invalidity or noninfringement of the patent." Counterclaims and Crossclaims for Declaratory Judgment, 6 Fed. Prac. & Proc. Civ. § 1406 (3d ed.). Thus, a finding of noninfringement "may not determine whether the patent meets the statutory requirements for validity, and in many situations it is important that defendant be able to obtain a declaration of the patent's status." Id. The same principles apply in the context of trademark and trade dress claims of invalidity. See Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co., 126 F.2d 172, 174-75 (6th Cir. 1942) (in trademark context, "mere exoneration from infringement does not always meet the necessities of a wrongfully accused defendant" and "[t]he Declaratory Judgment Act furnishes [Defendant] with the means of escape," so "no reason why it should not be available to him as a counterclaim when circumstances would have permitted a separate suit."). "[C]ourts should decline to dismiss counterclaims that seek a declaration that the patent or trademark is invalid because the issue of non-infringement is distinct from the issue of invalidity and a case and controversy over patent and trademark validity continues even after the issue of infringement is resolved." Castaline, 2010 WL 583944, at *2 (refusing to dismiss claim of trade dress invalidity) (citing Dominion, 126 F.2d at 175); see Who Dat, Inc. v. Rouse's Enter., LLC, No. CIV.A. 12-2189, 2013 WL 395477, at *4 (E.D. La. Jan. 31, 2013); Innovation Ventures, LLC v. N2G Distrib., Inc., 779 F. Supp. 2d 671, 682-83 (E.D. Mich. 2011).

Based on the foregoing, it is pellucid that the law does not provide that a noninfringement counterclaim or a trade dress invalidity affirmative defense are the only arrows in Defendant's

quiver. Defendant is entitled to take aim with a declaratory judgment counterclaim at the validity of Plaintiff's trade dress as a protectable right because Plaintiff has asserted its trade dress as limiting what Defendant can manufacture and sell. If Plaintiff fails to prove infringement and/or if Defendant succeeds in proving noninfringement, that would not resolve whether Plaintiff established the elements for "trade dress to be protected under § 43(a)" of the Lanham Act. Yankee Candle, 259 F.3d at 37-38. Accordingly, I find that Defendant's Counterclaim states a viable legal claim in alleging that Plaintiff's trade dress is invalid because the toy's shape and appearance are functional, generic and non-distinctive; I further find that this plausible claim is appropriately grounded in a live case or controversy. As a result, I recommend that the motion to dismiss Defendant's Counterclaim be denied.

## III. CONCLUSION

Based on the foregoing, I recommend that Plaintiff's motion (ECF No. 16) to dismiss Defendant's Counterclaim be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 18, 2019