UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LITTLE KIDS, INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 18-533WES |
| : | |
| 18th AVENUE TOYS, LTD., : | |
|     Defendant. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On September 25, 2018, Plaintiff Little Kids, Inc., ("Little Kids") initiated this trademark action against Defendant 18th Avenue Toys, Ltd., ("18th Avenue") asserting six registered federal trademarks protecting its BUBBLE BUCKET® and related products, a suite of toys for blowing bubbles, pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Rhode Island statutory and common law. On October 18, 2018, with 18th Avenue's agreement, the Court entered a temporary restraining order ("TRO") prohibiting 18th Avenue from selling or offering for sale bubble toys that used Little Kid's trademarks ("accused products"); the TRO also required 18th Avenue to deliver up to Little Kids for impoundment all of the accused products in its possession. ECF Nos. 10, 12, 13. In December 2019, following a lengthy court-annexed mediation, the parties entered into a settlement agreement pursuant to which 18th Avenue confirmed that all accused products had been destroyed and agreed to a permanent injunction ("PI") that incorporated the prohibitions of the TRO. The settlement agreement provides that Little Kids and 18th Avenue would release claims against each other, as well as that any

violation of the PI would result in the entry of judgment in favor of Little Kids and against 18th Avenue in the amount of a fixed sum.[1]

The PI was signed by the District Court on January 7, 2020, and issued the next day, January 8, 2020, at 12:51 p.m.  ECF No. 27.  Little Kids now believes that, in defiance of the TRO and the as-yet-inchoate PI, 18th Avenue, acting through its chief executive officer, Yaacov Schwartz, hoodwinked Little Kids when it represented that all accused products had been destroyed and instead surreptitiously entered into an agreement to transfer them to what Little Kids believes is an entity related to 18th Avenue – Hutton Toys, LLC, ("Hutton") – so that they could be sold.

On December 20, 2019, as the settlement agreement with 18th Avenue was being finalized, but before it was signed, Little Kids claims that it discovered that Hutton was offering the accused products for sale on the internet.  Through further investigation, just as the PI was being issued, Little Kids learned of the assignment and other clues[2] that it believes establish joint

---

[1] The terms of the settlement agreement are confidential; it was filed under seal in connection with these motions.  The Court uses "a fixed sum" instead of the actual amount in light of this agreement.

[2] Little Kids contends that, when 18th Avenue was caught red-handed selling bubble toys that blatantly used Little Kids' trademarks, it was in possession of more than 13,000 units.  ECF No. 36-1 at 2.  After the TRO entered, 18th Avenue represented that it had disposed of these units internally, and as a result, it was able to deliver only a small amount of remaining inventory for impoundment as required by the TRO.  See id.  The settlement agreement confirmed that all accused products had been destroyed.  ECF No. 30-2 at 3.  When seemingly identical items appeared on the internet for sale by Hutton in late December 2019, Little Kids launched an investigation, which revealed:

- The physical offices of 18th Avenue and Hutton are somewhat proximate to each other in New York City.
- Prior to stopping after the TRO issued, 18th Avenue had offered the accused products for sale under the "Top Right Toys" brand and on Amazon using a specific "Amazon Seller Identification Number."
- Shortly after the TRO entered, in January 2019, 18th Avenue assigned the trademark for the "Top Right Toys" brand, among others, to Hutton; the assignment was signed by Mr. Schwartz.
- Hutton's internet offering for sale of what appear to be the accused products is under the "Top Right Toys" brand.
- Hutton's Amazon-based offerings of what appear to be the accused products outside the United States use the same "Amazon Seller Identification Number" that 18th Avenue had used in advertising the accused products before the TRO.

action by 18th Avenue and Hutton to circumvent this Court's Orders (the TRO and the PI) and to perpetuate 18th Avenue's wrongful conduct in using Little Kids' trademarks. Based on time-stamped internet screen shots showing the products offered by Hutton, Little Kids claims that, with 18th Avenue's connivance and/or acting as its alter ego, Hutton's online offering of the accused products for sale continued until at least 1:16 p.m. on January 8, 2020, one day after the PI had been signed by District Judge Smith and less than an hour after it issued.

As soon as it learned of the apparent relationship between Hutton and 18th Avenue, as well as the personal involvement of Mr. Schwartz and Attorney Niro in these events, Little Kids reacted swiftly. First, it immediately demanded that Hutton stop the offending offering and remove all products using Little Kids' trademarks from the internet. Two days after its discovery of the assignments, on January 9, 2020, it filed its motion to amend/supplement its complaint (ECF No. 28), seeking leave of Court to add Mr. Schwartz and Hutton as new defendants and to supplement by adding new allegations based on these post-complaint developments. It also filed a motion for entry of the escrowed judgment (ECF No. 30) for a fixed sum based on the same events, claiming that this conduct amounts to a blatant and intentional violation of the PI by 18th Avenue. For its part, 18th Avenue adamantly denies that it and Hutton are alter egos or that 18th Avenue breached the PI. 18th Avenue accuses Little Kids of luring it into a trap by failing to

---

- After the 18th Avenue trademarks were assigned to Hutton, even though seemingly owned by Hutton, 18th Avenue continued to use some of the assigned trademarks (but not "Top Right Toys") in connection with its business.
- 18th Avenue's counsel of record in this case (Christopher Niro, Esq.) is identified as the responsible attorney in connection with the public assignments of the trademarks to Hutton in January 2019; as early as later in 2019, Mr. Niro was also representing Hutton.

Little Kids' allegations in the Amended/Supplemental Complaint are based on its belief that these facts are enough to give rise to the inference that Hutton and 18th Avenue are related or at least were in cahoots, that Hutton's internet offerings are of the accused products or of other products using Little Kids' marks and that this is not a mere coincidence.

disclose its discovery of Hutton's potentially infringing online sales offering until after the PI was signed and issued.

Both motions were referred to me as a pair for report and recommendation. Prior to the hearing on them, from a procedural perspective, Little Kids was asking the Court to use the vehicle of one case (this one) while separately conducting a hearing and making a determination on the motion for entry of judgment, with a parallel track for the new claims against Hutton and Mr. Schwartz to be filed, served and proceed to discovery and trial; 18th Avenue was asking the Court to set the claims on entirely separate dual tracks, to proceed to hearing on the motion for entry of judgment against 18th Avenue, but to deny the motion to amend/supplement, leaving Little Kids to bring Hutton and Mr. Schwartz into a separate case, perhaps in a different forum before a different judge. At the hearing held on April 22, 2020, the parties acknowledged that the operative facts pertinent to both motions are the same and that these facts are hotly contested and will require potentially extensive and largely overlapping discovery before they are ready to be presented to a fact finder at a hearing or trial for determination. Little Kids also acknowledged that its proposed pleading could use some clean-up, including that it might prefer to assert its claim against 18th Avenue of entitlement to judgment in the amount of a fixed sum as a Count in the pleading. Based on the foregoing, pursuant to the Court's Text Order entered following the hearing,[3] on May 8, 2020, Little Kids filed its Amended/Supplemental Complaint. ECF No. 41 ("Amended/Supplemental Complaint"). The Amended/Supplemental Complaint adds a new Count against 18th Avenue alleging entitlement to the entry of judgment in the amount of a fixed sum based on the breach of the PI (Count X).

---

[3] The Court ordered Little Kids to present 18th Avenue with a copy of the Amended/Supplemental Complaint one week before filing it to allow 18th Avenue time to present the Court with any new concerns. None were raised.

In this memorandum and order,[4] the Court now focuses only on the motion to amend/supplement and only on the newly filed Amended/Supplemental Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure encourages the Court freely to grant leave to amend a complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d) allows the Court to grant leave to supplement a complaint with facts "setting out" a "transaction, occurrence, or event that happened after the date" of the complaint. Fed. R. Civ. P. 15(d); see Cortes-Ramos v. Martin-Morales, 956 F.3d 36, 44 (1st Cir. 2020); Tavares v. Macomber, C.A. No. 18-606WES, 2019 WL 2502933, at *2 (D.R.I. June 17, 2019). Supplementation likewise is encouraged "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." White v. McBurney, C.A. No. 18-261 WES, 2018 WL 5085705, at *2 (D.R.I. Oct. 18, 2018). Perhaps "[t]he strongest argument in favor of granting [a] motion [to file a supplemental complaint] is economy – judicial economy as well as the cost of litigation." Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli, 213 F.R.D. 63, 66 (D.D.C. 2003). The facts in the proposed amended complaint are presumed true for purposes of this analysis. Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 19 (1st Cir. 2017).

With the Amended/Supplemental Complaint and the motion for entry of judgment presenting essentially identical facts to be discovered and determined, judicial efficiency and

---

[4] The motion to file an amended and/or supplemental pleading was originally referred with the motion for entry of judgment, both for report and recommendation. Viewed in isolation, however, the instant motion is one that is properly referred to a magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72. See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party.'"); Hearts With Haiti, Inc. v. Kendrick, No. 2:13-cv-39-JAW, 2014 WL 12650625, at *1 n.1 (D. Me. May 30, 2014) ("A motion for leave to amend [and file supplemental pleading] is not dispositive."). Therefore, I have dealt with it as such. By contrast, my conclusion that the motion for entry of judgment should pass as moot for now is the subject of a separate report and recommendation.

5

economy weigh heavily in favor of these issues being litigated in a single case. And with this case already pending in this Court since the fall of 2018, judicial efficiency and economy are also clearly served by that single case being this one. Nor, assuming the truth of Little Kids' allegations regarding the timing of its discoveries about Hutton, can Little Kids be criticized for undue delay in bringing this motion to amend/supplement.[5] Further, if the facts in the Amended/Supplemental Complaint are accepted as true, futility does not appear to be a bar.[6] Similarly, 18th Avenue's contention that Hutton and Mr. Schwartz might challenge personal jurisdiction or venue involves matters more appropriate for the Court to consider when raised by those parties directly.[7] 18th Avenue's subject matter jurisdiction argument misses the mark because the Court would have supplemental jurisdiction, 28 U.S.C. § 1367, over the state law claims, just as it did for the complaint that started this case (to which 18th Avenue made no jurisdictional challenge). In light of the totality of these circumstances, the Court finds that allowing Little Kids to file and proceed on the Amended/Supplemental Complaint "will promote the economic and speedy disposition of the entire controversy between the parties, will not cause

---

[5] 18th Avenue argues that Little Kids was aware of the Hutton sales in December 2019 and tricked it into proceeding with the PI so that Little Kids could seek to recover a fixed sum. This delay argument goes to the heart of the merits of Count X; its outcome depends on how hotly disputed facts develop through discovery. It does not constitute a reason to deny the motion to amend/supplement.

[6] For example, while the impact of the release in the settlement agreement may well affect the scope of the claims brought against 18th Avenue and Mr. Schwartz, figuring that out should be a matter for further litigation. It is not a reason for the Court to refuse to allow the claims to be asserted as futile.

[7] The weight of authority is that, given the individual nature of that right, "a defendant lacks standing to raise absence of personal jurisdiction on behalf of proposed co-defendants." Synthes, Inc. v. Marotta, 281 F.R.D. 217, 229-30 (E.D. Pa. 2012) (citing Jenkins v. Smead Mfg. Co., No. 09-CV-261-IEG (BLM), 2009 WL 3628100, at *3 (S.D. Cal. Oct. 28, 2009) (finding that defendants could not, in opposition to a motion for leave to amend, raise lack of personal jurisdiction or venue on behalf of the proposed defendants); Sayles v. Pac. Eng'rs & Constructors, Ltd., No. 08-CV-676, 2009 WL 791332, at *6 (W.D.N.Y. Mar. 23, 2009) (holding that the court may consider personal jurisdiction only where the affected defendant challenges the assertion of personal jurisdiction over it)); but see Speedsportz, LLC v. Menzel Motor Sports, Inc., No. 07-624-TCK-SAJ, 2008 WL 4632726, at *1 (N.D. Okla. Oct. 17, 2008) ("[O]bjections to motions to add parties, which are necessarily filed only by existing parties, are routinely addressed by courts without discussion of standing or ripeness doctrines.").

undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." White, 2018 WL 5085705, at *2.

Based on the foregoing, the Court grants Plaintiff's motion (ECF No. 28) to file an amended/supplemental complaint.[8] The Court deems Plaintiff's Amended/Supplemental Complaint (ECF No. 41) to be the operative pleading and directs that it be promptly filed and served in accordance with the applicable Rules.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 20, 2020

---

[8] With the Amended/Supplemental Complaint about to become the operative pleading, including Count X, which duplicates the claims in the motion for entry of judgment, in a separate report and recommendation, I have urged the Court to pass for now as moot the motion for entry of judgment, making clear that it may be refiled once discovery regarding the hotly disputed factual issues it presents are sufficiently developed so that a hearing can be conducted.